**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| JOHN J. FITZGERALD, III, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 8:24-cv-03634-TDC |
| | : | |
| v. | : | |
| | : | |
| J.J.F. MANAGEMENT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant J.J.F. Management Services, Inc. ("JJF") hereby answers the allegations of Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**[1]

1.  JJF admits the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.  JJF admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3.  The allegations set forth in paragraph 3 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF admits this Court has federal question jurisdiction over claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"), but JJF denies it has violated the ADA.

4.  The allegations set forth in paragraph 4 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF admits Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission

---

[1] For ease of reference, JJF has maintained the section headings set forth in Plaintiff's Complaint, but JJF denies any allegations contained within any headings or subheadings of Plaintiff's Complaint.

("EEOC") against JJF alleging a violation of the ADA. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date Plaintiff filed his Charge of Discrimination and, therefore, such allegations are denied. JJF admits that on October 1, 2024, the EEOC issued a Dismissal and Notice of Rights. JJF denies the remaining allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. The allegations set forth in paragraph 5 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF admits venue is proper in this Court, but denies that any events give rise to a claim.

## FACTS

6. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's Complaint and, therefore, such allegations are denied.

7. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint and, therefore, such allegations are denied.

8. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint and, therefore, such allegations are denied.

9. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint and, therefore, such allegations are denied.

10.     JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and, therefore, such allegations are denied.

11.     JJF admits Plaintiff was employed as a Vice President of JJF for a period of time. JJF further admits that it owns all of the dealership operating entities. JJF is without knowledge or information sufficient to form a belief as to when Plaintiff first became a Vice President at JJF and, therefore, such allegations are denied. JJF denies the remaining allegations set forth in paragraph 11 of Plaintiff's Complaint.

12.     JJF admits Plaintiff was employed as a Vice President of JJF for a period of time. JJF is without knowledge or information sufficient to form a belief as to when Plaintiff first became a Vice President at JJF and for how long Plaintiff held that position and, therefore, such allegations are denied.

13.     JJF denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     JJF admits for a period of time Plaintiff's compensation as a General Manager was structured as a base salary with a discretionary bonus. JJF denies any remaining allegations set forth in paragraph 14 of Plaintiff's Complaint.

15.     JJF admits that effective February 1, 2023 and for that fiscal year, Plaintiff's base salary was $300,000 with a bonus formula. JJF states the pay plan speaks for itself and denies any contrary interpretations or implications. JJF denies the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     JJF denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     JJF admits, upon information and belief, that Plaintiff suffered a stroke in July 2023. JJF is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in paragraph 17 of Plaintiff's Complaint and, therefore, such allegations are denied.

18. JJF denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. JJF admits Plaintiff received short-term disability benefits. JJF denies the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. JJF denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. JJF denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. JJF denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. JJF denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. JJF denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's Complaint and, therefore, such allegations are denied.

26. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of Plaintiff's Complaint and, therefore, such allegations are denied.

27. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Plaintiff's Complaint and, therefore, such allegations are denied.

28. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of Plaintiff's Complaint and, therefore, such allegations are denied.

29. JJF admits Plaintiff was approved for long-term disability through early February 2026 and that Plaintiff received checks for long-term disability benefits. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's state of mind, as plead in paragraph 29 of Plaintiff's Complaint, and, therefore, such allegations are denied.

30. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Complaint and, therefore, such allegations are denied. JJF denies it made any request to Lincoln Financial regarding their determination of Plaintiff's application for long-term disability.

31. JJF admits Robert Smith, Jr., President of JJF, signed a letter to Plaintiff dated March 27, 2024. JJF avers the letter speaks for itself and denies any contrary interpretations or implications. JJF denies the remaining allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. JJF denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. JJF denies Plaintiff was offered a General Sales Manager position and, therefore, denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. JJF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of Plaintiff's Complaint and, therefore, such allegations are denied.

35. JJF denies the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. The allegations set forth in paragraph 36 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF denies the allegations set forth in paragraph 36 of Plaintiff's Complaint.

## COUNT ONE
## AMERICANS WITH DISABILITIES ACT

37. JJF repeats, realleges, and incorporates by reference its responses to the above paragraphs as if fully set forth herein.

38. The allegations set forth in paragraph 38 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF avers the provisions of the ADA speak for themselves and denies any contrary interpretations or implications.

39. The allegations set forth in paragraph 39 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF avers the provisions of the ADA speak for themselves and denies any contrary interpretations or implications.

40. JJF denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. The allegations set forth in paragraph 41 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. The allegations set forth in paragraph 42 of Plaintiff's Complaint state legal conclusions for which no response is required. To the extent a response is required, JJF denies the allegations set forth in paragraph 42 of Plaintiff's Complaint.

JJF denies each and every allegation of Plaintiff's Complaint not specifically admitted in this Answer.

## PRAYER FOR RELIEF

JJF denies Plaintiff is entitled to any relief, including but not limited to the relief requested in the Prayer for Relief section of his Complaint.

**JURY DEMAND**

JJF denies Plaintiff is entitled to a trial by jury, as Plaintiff fails to state a claim.

**DEFENSES**

1. Plaintiff fails to state a claim upon which relied can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by laches, waiver, and/or estoppel.

3. Upon information and belief, Plaintiff's claims may be barred by the applicable statute of limitations.

4. Certain of Plaintiff's claims may be barred by the failure to exhaust administrative remedies.

5. All actions taken against Plaintiff were taken for legitimate, non-discriminatory reasons.

6. JJF did not engage in any unlawful or wrongful actions towards Plaintiff.

7. JJF did not act wrongfully, in bad faith, or with improper or evil motive or intent.

8. JJF's treatment of Plaintiff was in good faith and, accordingly, punitive damages are not available.

9. JJF has not engaged in any conduct towards Plaintiff with malice, evil motive or intent, or reckless indifference to Plaintiff's rights and, accordingly, punitive damages are not available.

10. Plaintiff's own acts and/or omissions were the proximate cause of any injury he alleges to have suffered.

11. No injury to Plaintiff was proximately caused by any action or inaction attributable to JJF.

12. Plaintiff was not demoted.

13. Without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful act of JJF, upon information and belief, Plaintiff has failed to mitigate his damages.

14. Plaintiff's claims are barred to the extent discovery reveals that the after-acquired evidence doctrine is applicable.

15. JJF reserves the right to assert further affirmative and other defenses as they become evident through discovery or investigation.

WHEREFORE, JJF prays this Court dismiss Plaintiff's Complaint, in its entirety, with prejudice, and award JJF its costs, attorneys' fees, and any other relief the Court deems appropriate.

Respectfully submitted,

 /s/ Anessa Abrams
Anessa Abrams (Md. Bar No. 012581)
aabrams@fordharrison.com
FordHarrison LLP
2000 M Street, N.W., Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 FAX
*Counsel for Defendant*
*J.J.F. Management Services, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of January, 2025, I caused a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to be electronically filed with the Court using the Court's CM/ECF electronic filing system, which will automatically send email notification of such filing to all counsel of record.


                                                              /s/ Anessa Abrams
                                                              Anessa Abrams

WSACTIVELLP:113906057.1